United States District Court
For the Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

|  |  |
|---|---|
| CAPITOL RECORDS, INC., A DELAWARE CORPORATION; VIRGIN RECORDS AMERICA, INC., A CALIFORNIA CORPORATION; MOTOWN RECORD COMPANY, L.P., A CALIFORNIA LIMITED PARTNERSHIP; ARISTA RECORDS LLC, A DELAWARE LIMITED LIABILITY COMPANY; AND SONY BMG MUSIC ENTERTAINMENT, A DELAWARE GENERAL PARTNERSHIP,<br><br>Plaintiffs,<br><br>v.<br><br>DOROTHY SCHMIDT,<br><br>Defendant. | No. C-06-5433 SC<br><br><u>DEFAULT JUDGMENT</u> |

I.    **INTRODUCTION**

Plaintiffs Capitol Records, Inc., Virgin Records America, Inc., Motown Record Company, L.P., Arista Records LLC, and Sony BMG Music Entertainment ("Plaintiffs" or "Record Companies") brought this action against Defendant Dorothy Schmidt ("Defendant" or "Schmidt"). Plaintiffs assert that Schmidt infringed their copyrights in multiple sound recordings by allegedly using an online media distribution system to download, distribute, and/or

make available for distribution Plaintiffs' copyrighted sound recordings. Defendant was properly served with the Summons and Complaint on September 18, 2006, but failed to respond. Docket No. 7. On November 14, 2006, the Clerk entered default against Defendant. Docket No. 10. On December 26, 2006, Defendant was properly served with the Summons and Amended Complaint. Docket No. 14. The Defendant again failed to respond, and the Clerk entered default against the Defendant on February 9, 2007. Docket No. 18.

Now before the Court is Plaintiffs' Motion for Default Judgment. For the reasons stated herein, the Court GRANTS Plaintiff Default Judgment and AWARDS Plaintiffs $6,000.00 in damages, and costs in the amount of $420.00. The Court further ENJOINS Defendant from directly or indirectly infringing Plaintiffs' rights under federal or state law in any sound recording, whether now in existence or later created, that is owned or controlled by Plaintiffs, or to which Plaintiffs are licensees of exclusive rights under United States copyright, including without limitation, by using the Internet or any online media distribution system to reproduce any such recording, to distribute any such recording, or to make any such recording available for distribution to the public, except pursuant to a lawful license or with the express authority of Plaintiffs. Defendant shall destroy any copies of any sound recordings which Plaintiffs own or to which Plaintiffs are licensees of exclusive rights, that Defendant has downloaded onto any computer hard drive or server without Plaintiffs' authorization, and all copies of

**United States District Court**
For the Northern District of California

1   such downloaded sound recordings.

2

3   **II.   <u>BACKGROUND</u>**

4        Plaintiffs are the copyright owners or licensees of exclusive

5   rights under copyright with respect to certain copyrighted sound

6   recordings, identified in Exhibits A and B to the Amended

7   Complaint. ("Copyrighted Recordings").  Am. Compl., ¶ 11; Kerr

8   Decl., Ex. 1.  As such, Plaintiffs hold the exclusive rights to

9   reproduce and distribute the Copyrighted Recordings.  Am. Compl.,

10  ¶ 12.  Pursuant to 17 U.S.C. § 401, Plaintiffs have placed proper

11  notices of copyright on the album cover of each of the Copyrighted

12  Recordings.  <u>Id.</u>, ¶ 14.

13       Plaintiffs allege that, without their permission, Defendant

14  has used and continues to use an online media distribution system

15  to download the Copyrighted Recordings, to distribute the

16  Copyrighted Recordings, and to make the Copyrighted Recordings

17  available for distribution to others.  <u>Id.</u>, ¶ 13.  Plaintiffs seek

18  the minimum statutory damages for the alleged infringement of each

19  of the eight identified Copyrighted Recordings, totaling

20  $6,000.00, pursuant to 17 U.S.C. § 504(c) .  <u>Id.</u>, ¶ 16; Pl.'s Mot.

21  for Default J. at 2.  Additionally, pursuant to 17 U.S.C. § 505,

22  Plaintiffs seek to recover $420.00 in costs.  Pl.'s Mot. for

23  Default J. at 2; Kerr. Decl. ¶ 21.  Finally, Plaintiffs seek a

24  permanent injunction pursuant to 17 U.S.C. §§ 502 and 503.  <u>See</u>

25  Am. Compl., ¶ 17; Pl.'s Mot. for Default J. at 2.

26  /

27  /

28
                                     3

**III. <u>LEGAL STANDARD</u>**

After entry of default, the Court may enter a default judgment. Fed. R. Civ. P. 55(b)(2).  Its decision whether to do so, while "discretionary," <u>Aldabe v. Aldabe</u>, 616 F.2d 1089, 1092 (9th Cir. 1980), is guided by several factors.

As a preliminary matter, the Court must "assess the adequacy of the service of process on the party against whom default is requested." <u>Bd. of Trs. of the N. Cal. Sheet Metal Workers v. Peters</u>, No. C-00-0395 VRW, 2000 U.S. Dist. LEXIS 19065, at *2 (N.D. Cal. Jan. 2, 2001).

If the Court determines that service was sufficient, it may consider the following factors in its decision on the merits of a motion for default judgment:

> (1) the possibility of prejudice to the plaintiff, (2) the merits of plaintiff's substantive claim, (3) the sufficiency of the complaint, (4) the sum of money at stake in the action; (5) the possibility of a dispute concerning material facts; (6) whether the default was due to excusable neglect, and (7) the strong policy underlying the Federal Rules of Civil Procedure favoring decisions on the merits.

<u>Eitel v. McCool</u>, 782 F.2d 1470, 1471-72 (9th Cir. 1986).  "The general rule of law is that upon default the factual allegations of the complaint, except those relating to the amount of damages, will be taken as true. <u>Geddes v. United. Fin. Group</u>, 559 F.2d 557, 560 (9th Cir. 1977).  Therefore, for the purposes of this Motion, the Court accepts as true the facts as portrayed in the Amended Complaint.

/

/

United States District Court
For the Northern District of California

1    IV.   **DISCUSSION**

2          A.   **Service of Process**

3          Service of process against Defendant was adequate.  Federal

4    Rule of Civil Procedure 4(e) allows service upon an individual by

5    personally delivering to the individual the summons and complaint.

6    Fed. R. Civ. P. 4(e)(2).  On September 18, 2006, copies of the

7    Complaint, the Summons, and other related documents were

8    personally delivered to Ms. Schmidt.  See Docket. No. 7.  On

9    December 26, 2006, copies of the Amended Complaint and the Summons

10   were personally delivered to Ms. Schmidt.  See Docket No. 14.

11         B.   **Merits of Motion**

12         Accepting the allegations in the Complaint as true, as it

13   must, the Court finds that Eitel factors favor default judgment.

14              1.   Prejudice

15         Plaintiffs would be prejudiced absent entry of default

16   judgment.  If Defendant is allowed to continue downloading or

17   distributing Plaintiffs' Copyrighted Recordings, Plaintiffs will

18   suffer irreparable harm from copyright infringement.  See Am.

19   Compl., ¶ 17.  Without the entry of a default judgment, Plaintiffs

20   would not have another remedy for these harms.  Such a situation

21   qualifies as prejudice.  See PepsiCo, Inc. v. Cal. Sec. Cans, 238

22   F. Supp. 2d 1172, 1177 (C.D. Cal. 2002).

23              2.   Merits of Plaintiffs' Substantive Claim for

24         Copyright Infringement

25         The Record Companies' claim for infringement of copyrights is

26   meritorious.  To prevail on a claim for copyright infringement,

27   Plaintiffs must establish ownership of a valid copyright and

28                                      5

United States District Court
For the Northern District of California

**United States District Court**
For the Northern District of California

1  unauthorized copying of original elements of the protected work by

2  Defendant.  <u>See</u> <u>Feist Publ'ns, Inc. v. Rural Tel. Serv. Co.</u>, 499

3  U.S. 340, 361 (1991).  As alleged in the Amended Complaint,

4  Plaintiffs are "the copyright owners or licensees of exclusive

5  rights under United States copyright with respect to the

6  Copyrighted Recordings."  Am. Compl., ¶ 11.  Section 501(b) of the

7  Copyright Act allows the owners of a legal or beneficial interest

8  in a copyright to sue for infringement.  17 U.S.C. § 501(b).

9  Therefore, Plaintiffs satisfy the first element of <u>Feist</u>.

10      Plaintiffs identify multiple violations of their rights,

11  satisfying the second element of <u>Feist</u>.  Defendant has violated

12  the Record Companies' exclusive right to reproduce the Copyrighted

13  Recordings by downloading electronic copies of the Copyrighted

14  Recordings to her computer without permission.  Am. Compl., ¶ 13.

15  Defendant has violated the Record Companies' exclusive right to

16  distribute the Copyrighted Recordings by using an online media

17  distribution system to distribute the Copyrighted Recordings to

18  the public.  <u>Id.</u>  Section 106 of the Copyright Act enumerates the

19  exclusive rights of the copyright owner, including the right to

20  reproduce the copyrighted work in copies or phonorecords, and the

21  right to distribute copies or phonorecords of the work to the

22  public by sale or other transfer of ownership, or by rental,

23  lease, or lending.  <u>See</u> 17 U.S.C. § 106.  Anyone who violates

24  these exclusive rights infringes the copyright.  <u>See</u> 17 U.S.C §

25  501(a).

26          3.  <u>Sufficiency of the Complaint</u>

27      Plaintiffs properly allege the necessary elements for a claim

28                                  6

of copyright infringement.  The Amended Complaint identifies the copyrighted works in dispute, identifies Plaintiffs as owners of legal or beneficial interests in the exclusive rights to those copyrighted works, and describes how Defendant is violating those exclusive rights.  <u>See</u> Am. Compl., ¶¶ 11-15.  Accordingly, Plaintiffs' Amended Complaint is sufficient.

4.   <u>Amount of Money at Stake</u>

The sum of money at stake favors the Record Companies. Including costs, the Record Companies seek a total of $6,420.00. Pl.'s Mot. for Default J. at 2.  While Defendant would suffer from entry of judgment in this amount against her, these damages are authorized by statute.  <u>See</u> 17 U.S.C. § 504(c).  For each of the eight specific Copyrighted Recordings Plaintiffs identify, the statute authorizes damages ranging from $750.00 to $30,000.00. <u>Id.</u>  Plaintiffs also allege that Defendant's infringement was willful, which would raise the maximum recovery available to $150,000.00 for each infringed work.  <u>See</u> <u>id.</u>; Am. Compl., ¶ 15. Finally, although the statute authorizes an award of attorney's fees, Plaintiffs have limited their request to costs.  <u>See</u> 17 U.S.C. § 505; Pl.'s Mot. for Default J. at 4-5.  Because the Record Companies are seeking only the minimum authorized award of damages and their actual costs, the Court finds that this factor weighs in favor of default judgment.

5.   <u>Possibility of a Dispute Concerning Material Facts</u>

There is little possibility of a dispute concerning material facts.  The Record Companies have demonstrated that they have exclusive rights in the Copyrighted Recordings.  Kerr Decl., ¶ 5;

7

United States District Court

For the Northern District of California

1   Am. Compl., ¶ 11.  Further, the Record Companies have provided

2   adequate evidence of Defendant's unauthorized copying and

3   distribution of the Copyrighted Recordings.  See Kerr Decl., ¶¶ 2-

4   8, Exh. 1.  Therefore, this factor also favors default judgment.

5             6.   Whether Default Was Due to Excusable Neglect

6        Defendant's failure to act here is not a case of excusable

7   neglect.  Prior to bringing suit, Plaintiffs contacted Defendant

8   and attempted to resolve this matter out of Court.  Kerr Decl., ¶¶

9   8-9.  When that failed, Plaintiffs filed suit on September 5,

10  2006.  Defendant was personally served with the Summons and

11  Complaint on September 18, 2006, but did not respond.  See Docket

12  No. 7; Kerr Decl., ¶¶ 10-11.  Before the Clerk entered default

13  against Defendant, Plaintiffs again contacted her and urged her to

14  respond to the Complaint.  Kerr Decl., Ex. 2.  The entire cycle

15  was repeated when Plaintiffs served the Amended Complaint and

16  Defendant again failed to respond.  Kerr Decl., ¶¶ 14-16.  In

17  fact, Plaintiffs even served Defendant with notice of the instant

18  Motion, although such notice was not necessary.  See Pl.'s Mot.

19  for Default J. at 14 n.4; Fed. R. Civ. P. 55(b)(2).  Plaintiffs

20  have made every reasonable effort to engage defendant in this

21  process with no success.  Because Defendant's failure to

22  participate in this litigation cannot be considered excusable

23  neglect, this factor favors entry of default judgment.

24            7.   Strong Policy Favoring Decision on the Merits

25       While it is preferable to decide cases on the merits whenever

26  possible, this preference is not dispositive.  Where a party fails

27  to defend against a complaint, as Defendant has failed here, Rule

28                                   8

55 authorizes the Court to enter default judgment.  <u>Kloepping v.</u>
<u>Fireman's Fund</u>, No. C 94-2684 TEH, 1996 U.S. Dist. LEXIS 1786, at
*10 (N.D. Cal. Feb. 14, 1996).

In light of all of the <u>Eitel</u> factors discussed above, the
Court finds that entry of default judgment is appropriate.

**C.    <u>Remedy</u>**

Plaintiffs request monetary damages, costs, and equitable
relief in the form of a permanent injunction.

1.    <u>Damages</u>

The Record Companies seek $6,000.00 in statutory damages.
Pursuant to section 504(a) of the Copyright Act, an infringer is
liable for either the plaintiff's actual damages or statutory
damages.  <u>See</u> 17 U.S.C. § 504(a).  A plaintiff seeking statutory
damages may recover between $750.00 and $30,000.00 for all
infringements of a copyrighted work.  17 U.S.C. § 504(c).  Where a
plaintiff chooses to recover statutory damages, he need not prove
actual damages.  <u>See Columbia Pictures Indus., Inc. v. Krypton</u>
<u>Broad. of Birmingham, Inc.</u>, 259 F.3d 1186, 1194 (9th Cir.
1997)(citation omitted).  When awarding statutory damages, the
Court has broad discretion within the range provided by statute.
<u>Id.</u>  Here, Plaintiffs have proven that Defendant infringed the
eight identified Copyrighted Recordings.  Accordingly, the
Defendant is liable for $750.00 in damages for each of the eight
infringed Copyrighted Recordings, for a total of $6,000.00.

2.    <u>Costs</u>

Plaintiffs also seek to recover their costs, $350.00 in
filing fees and $70.00 for service of process, for a total of

United States District Court
For the Northern District of California

1    $420.00.  See Pl's Mot. for Default J. at 13; Kerr Decl., ¶ 21.

2    By statute, the Court may award a prevailing copyright owner

3    costs, including reasonable attorneys' fees.  See 17 U.S.C. § 505.

4    Here, the Plaintiffs seek only to recover their costs, not

5    attorneys' fees.  Having successfully proven infringement,

6    Plaintiffs are entitled to recover $420.00 in costs.

7              3.   Injunctive Relief

8         Plaintiffs have demonstrated that their exclusive rights in

9    the Copyrighted Recordings have been, and continue to be, violated

10   by the Defendant.  In such circumstances, the Court is authorized

11   to issue a permanent injunction to prevent or restrain further

12   infringements.  See 17 U.S.C. § 502(a); Sega Enters. Ltd. v.

13   MAPHIA, 948 F. Supp. 923, 940 (N.D. Cal. 1996) ("Generally, a

14   showing of copyright infringement liability and the threat of

15   future violations is sufficient to warrant a permanent

16   injunction.")  Injunctive relief is available in copyright actions

17   resulting in default judgment.  See e.g., Jackson v. Sturkie, 255

18   F. Supp. 2d 1096, 1103 (N.D. Cal. 2003) ("[D]efendant's lack of

19   participation in this litigation has given the court no assurance

20   that defendant's infringing activity will cease.  Therefore,

21   plaintiff is entitled to permanent injunctive relief.")

22        Plaintiffs are entitled to a broad injunction, not limited to

23   the identified Copyrighted Recordings.  In addition to the

24   Copyrighted Recordings, the injunction shall extend to all sound

25   recordings owned by the Record Companies or to which the Record

26   Companies are the licensees of exclusive rights.  See e.g., Picker

27   Int'l Corp. v. Imaging Equip. Serv., Inc., 931 F. Supp. 18, 45 (D.

28

10

Mass. 1995), aff'd sub nom Picker Int'l, Inc. v. Leavitt, 94 F.3d
640 (1st Cir. 1996).  Furthermore, the injunction shall prohibit
Defendant from infringing any rights in any sound recordings which
Plaintiffs may acquire in the future.  See Sony Music Entm't, Inc.
v. Elias, No. CV 03-6387, 2004 U.S. Dist. LEXIS 30385, at *13-14
(C.D. Cal. Jan. 20, 2004) (enjoining infringement of existing and
future works).

**V.    CONCLUSION**

        For the foregoing reasons, the Court GRANTS Plaintiffs
Default Judgment.  The Court hereby AWARDS Plaintiffs $6,000.00 in
damages and $420.00 in costs.  The Court also GRANTS Plaintiffs'
request for a permanent injunction.

        Defendant shall be and hereby is ENJOINED from directly or
indirectly infringing Plaintiffs' rights under federal or state
law in any sound recording, whether now in existence or later
created, that is owned or controlled by Plaintiffs, or to which
Plaintiffs are licensees of exclusive rights under United States
copyright, including without limitation, by using the Internet or
any online media distribution system to reproduce any such
recording, to distribute any such recording, or to make any such
recording available for distribution to the public, except
pursuant to a lawful license or with the express authority of
Plaintiffs.  Defendant shall destroy any copies of any sound
recordings which Plaintiffs own or to which Plaintiffs are

11

licensees of exclusive rights, that Defendant has downloaded onto any computer hard drive or server without Plaintiffs' authorization, and all copies of such downloaded sound recordings.

IT IS SO ORDERED.

Dated: June 6, 2007



_____

UNITED STATES DISTRICT JUDGE

12